**Jeromi H. BAZUAYE, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

No. 07–0767–ag.

United States Court of Appeals,
Second Circuit.

April 11, 2008.

Anne Small, Wilmer Cutler Pickering Hale and Dorr LLP (Bruno Joseph Bembi, Hempstead, New York, on the brief), New York, NY, for Petitioner.

Andrew C. MacLachlan, Office of Immigration Litigation, U.S. Department of Justice (David V. Bernal, Assistant Director, Office of Immigration Litigation, on the brief), for Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Washington, D.C., for Respondent.

Present: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. CAROL BAGLEY AMON,\*\* District Judge.

### SUMMARY ORDER

Jeromi H. Bazuaye ("Bazuaye"), a citizen of Nigeria, seeks review of a February 12, 2007 decision by the BIA affirming a May 1, 2006 order by Immigration Judge ("IJ") Alan L. Page (1) ordering Bazuaye removed on the ground that he had committed an aggravated felony, and denying Bazuaye's request for relief under section 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h). *In re Bazuaye*, No. A24 359 599 (B.I.A. Feb. 12, 2007), *aff'g* No. A24 459 599 (Immig. Ct. N.Y. City. May 1, 2006). We assume the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

\*\* The Honorable Carol Bagley Amon of the United States District Court for the Eastern District of New York, sitting by designation.

parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the IJ's decision and supplements it, we review the IJ's decision as supplemented by the BIA. *Niang v. Mukasey,* 511 F.3d 138, 145 (2d Cir.2007). Although we generally accord substantial deference to the BIA's reasonable interpretation of the INA, a statute that the BIA administers, no such deference is warranted where, as in this case, the challenged BIA decision interprets state law. *See Wala v. Mukasey,* 511 F.3d 102, 105 (2d Cir.2007). We review such decisions *de novo. Id.* Further, "[i]n deciding whether a crime of conviction fits within the definitions of aggravated felony outlined in § 1101(a)(43), this Court has adopted a categorical approach, focusing on the elements of the offense of conviction without regard to the factual circumstances of the crime." *Kamagate v. Ashcroft,* 385 F.3d 144, 152 (2d Cir.2004).

Here, the BIA found Bazuaye removable for having committed an aggravated felony known as an attempted "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G) and (U). In his petition for review, Bazuaye contends, *inter alia,* that his state conviction for attempted grand larceny in the third degree does not categorically match a "theft offense" because New York law defines larceny in a variety of ways, encompassing some offenses that involve theft as well as some that involve fraud and deceit. *See* N.Y. Penal Law § 155.05. Bazuaye claims that the statute under which he was convicted, N.Y. Penal Law § 155.35, is divisible. *See Dickson v. Ashcroft,* 346 F.3d 44, 48 (2d Cir.2003) (defining a "divisible statute" as one that "encompasses diverse classes of criminal acts—some of which would categorically be grounds for remov-

al and others of which would not"). Further, Bazuaye maintains that if his conviction includes both theft and fraud, we should adhere to the reasoning of the Third Circuit in *Nugent v. Ashcroft,* 367 F.3d 162 (3d Cir.2004), and apply the requirements of § 1101(a)(43)(G) and § 1101(a)(43)(M)(i) (offense involving fraud or deceit) to any such hybrid offense. *Id.* at 176.

Subsequent to the BIA's order of removal, the agency modified its view on what constitutes a "theft offense" under § 1101(a)(43)(G). *See Matter of Liduina de Fatima Garcia–Madruga,* 24 I. & N. Dec. 436 (BIA 2008). After reviewing the Third Circuit's decision in *Nugent* and the Fourth Circuit's decision in *Soliman v. Gonzales,* 419 F.3d 276 (4th Cir.2005), the BIA concluded that "the offenses described in sections 101(a)(43)(G) and (M)(i) of the [Immigration and Nationality] Act ordinarily involve distinct crimes." 24 I. & N. Dec. at 440. The BIA explained: "Whereas the taking of property *without consent* is required for a section 101(a)(43)(G) 'theft offense,' a section 101(a)(43)(M)(i) 'offense that involves fraud or deceit' ordinarily involves the taking or acquisition of property with consent that has been fraudulently obtained." *Id.* Under this standard, the BIA held that an alien's state conviction for welfare fraud was not an aggravated felony under § 1101(a)(43)(G). *Id.* at 441.

In light of the agency's recent clarification, we question how it could sustain Bazuaye's order of removal. If N.Y. Penal Law § 155.35 criminalizes the taking of property both with and without consent, Bazuaye's offense does not categorically fit within the BIA's amended definition of a "theft offense."[1] *See Dalton v. Ashcroft,*

---

1. We caution that we express no opinion as to the validity of the BIA's decision in *Matter of*

*Liduina de Fatima Garcia–Madruga,* 24 I. & N. Dec. 436, or to whether it is the kind of

257 F.3d 200, 204 (2d Cir.2001). Even assuming that N.Y. Penal Law § 155.35 is divisible, under a modified categorical approach the BIA must determine whether Bazuaye was convicted of a specific subsection of larceny that constitutes a "theft offense" as that term is now interpreted. *See Dickson,* 346 F.3d at 48–49. As Bazuaye observes, however, his charging papers and similar documents in the state court fail to identify under which subpart of the larceny statute he was convicted, much less contain any admission that he attempted to take property without the consent of its owner. *See id.* ("In reviewing a conviction under a divisible statute, the categorical approach permits reference to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal.").[2]

Nevertheless, because this case turns in substantial part on the BIA's definition of a "theft offense," we conclude that the best course is to remand this petition for the agency to have the opportunity to consider in the first instance whether Bazuaye is removable in light of *Matter of Liduina de Fatima Garcia–Madruga. See INS v. Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Upon remand, we urge the BIA to consider both our recent precedent explaining the parameters of the categorical and modified categorical approaches, *see Wala,* 511 F.3d 102; *Dulal–*

*Whiteway v. Dep't of Homeland Sec.,* 501 F.3d 116 (2d Cir.2007), and, should it deem necessary, the IJ's finding that Bazuaye was removable for having committed two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii).

Insofar as Bazuaye argues that the BIA erred in denying his request for discretionary relief under INA §§ 212(c) and 212(h), we need not reach the merits of this claim because the BIA's decision was premised on Bazuaye's removability for having committed an aggravated felony—the issue for which we are remanding this case. Further, to the extent Bazuaye raises additional claims in favor of terminating his removal proceedings, we need not decide whether these arguments furnish additional grounds for vacating the BIA's removal order.

For the reasons discussed, we GRANT the petition for review, VACATE the BIA's removal order, and REMAND to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal is therefore DENIED as moot.

decision to which *Chevron* deference is due, *see Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

**2.** The BIA has evinced some disagreement with *Dickson. See In re Babaisakov,* 24 I. & N. Dec. 306, 319–20 (BIA 2007) (noting that factual narratives in presentence reports, which this Court held in *Dickson* were not part of a petitioner's record of conviction for immigration purposes, can be considered in certain circumstances). We again express no opinion as to the validity of the BIA's decision, or to whether *Chevron* deference is due.